1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10    CATHERINE T. LENEAR,
                                          No. 2:09-cv-01790-MCE-EFB
11              Plaintiff,

12         v.                             MEMORANDUM AND ORDER

13    AMERICAN BROKERS CONDUIT; SAXON
      MORTGAGE SERVICES, INC.; EMC
14    MORTGAGE CORPORATION; ACCUMAX
      INVESTMENT CO.; all persons
15    currently unknown claiming any
      legal or equitable interest in
16    the Trust Property; DOES ONE
      through ONE HUNDRED, inclusive,
17
                Defendants.
18

19                            ----oo0oo----

20         Presently before the Court are Motions by Defendants EMC

21    Mortgage Corp. and Saxon Mortgage Services, Inc. to dismiss

22    Plaintiff's complaint for failure to state a claim upon which

23    relief may be granted pursuant to Federal Rule of Civil Procedure

24    12(b)(6).[1]  For the reasons set forth below, Defendants' motions

25    are GRANTED.

26    _____

27         [1] Because oral argument will not be of material assistance,
      the Court orders this matter submitted on the briefs.  E.D. Cal.
28    Local Rule 78-230(h).

                                    1

1                              **BACKGROUND**[2]

2

3      Plaintiff Catherine Lenear ("Plaintiff" or "Lenear")

4   borrowed $319,200 from the originating lender, Defendant American

5   Brokers Conduit ("ABC"), to purchase real property located in

6   Sacramento, California on May 31, 2007.  The loan was secured by

7   a First Deed of Trust against the property with Defendant Saxon

8   Mortgage Services ("Saxon") acting as servicer.  Concurrently,

9   Lenear also executed a Home Equity Line of Credit ("HELOC") in

10  the amount of $79,800 from ABC.  The HELOC was secured by a

11  Second Deed of Trust against the property with Defendant EMC

12  Mortgage Corporation ("EMC") acting as servicer.  By April 23,

13  2009, Lenear had defaulted on the First Deed of Trust resulting

14  in a non-judicial foreclosure sale of the property on February 2,

15  2009.

16      On May 19, 2009, Plaintiff filed a complaint against ABC,

17  Saxon, EMC, Accumax Investment Company ("Accumax"), and all

18  related loan officers.  The complaint contains numerous causes of

19  action including breach of contract, breach of fiduciary duty;

20  intentional infliction of emotional distress; fraud; negligence;

21  negligence per se; engaging in unlawful business practices in

22  violation of state and federal laws[3];

23  ///

24  ───────────────────

25      [2] The factual assertions in this section are based on the
    allegations in Plaintiff's Complaint unless otherwise specified.

26      [3] Specifically Plaintiff alleges Defendants violated the
    California Unfair Competition Law, Cal. Bus. & Prof. Code
27  § 17200; the California Deceptive Advertising Practices Act, Cal.
    Bus. & Prof. Code § 17500, and the Federal Trade Commission Act,
28  15 U.S.C. § 45.

violations of both state and federal lending laws[4]; and engaging
in an unlawful racketeering enterprise in violation of the
Racketeer Influenced and Corrupt Organizations Act ("RICO"),
18 U.S.C. § 1964.  Plaintiff's complaint also seeks a judicial
declaration of the respective parties' rights.

Additionally, Plaintiff seeks to rescind the Promissory Note
and First Deed of Trust based on allegations of fraud and
unlawful behavior.  In her complaint, Plaintiff offers to restore
the property to Defendants "ABC/Saxon" in return for all money
paid by Plaintiff to the Defendants, plus the reasonable value of
any improvements and maintenance made to the property.

Defendants EMC and Saxon now file a Motion to Dismiss for
failure to state a claim upon which relief can be granted.  Saxon
also moves to strike portions of the complaint pursuant to
Federal Rule of Civil Procedure 12(f), and both parties seek
judicial notice of various exhibits including a copy of the grant
deed, the deed of trust, the notices of default, and plaintiff's
Chapter 13 and Chapter 7 history.

///

///

///

///

///

[4] Specifically Plaintiff alleges violation of California
Civil Code § 1916.7 (requiring certain disclosures and other
requirements on a adjustable-payment, adjustable-rate mortgage
loan); the federal Truth in Lending Act ("TILA"),15 U.S.C.
§ 1601; the federal Home Owner Equity Protection Act ("HOEPA"),
15 U.S.C. § 1639; and the federal Real Estate Settlement
Procedures Act ("REPSA"), 12 U.S.C § 2601.

**STANDARD**

**A.   Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id. at 1964-65 (internal citations and quotations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///

///

///

///

4

1    "Rule 8(a)(2)...requires a 'showing,' rather than a blanket

2    assertion of entitlement to relief.  Without some factual

3    allegation in the complaint, it is hard to see how a claimant

4    could satisfy the requirements of providing not only 'fair

5    notice' of the nature of the claim, but also 'grounds' on which

6    the claim rests."  Twombly, 550 U.S. 556 n.3.  A pleading must

7    contain "only enough facts to state a claim to relief that is

8    plausible on its face."  Id. at 570.  If the "plaintiffs...have

9    not nudged their claims across the line from conceivable to

10   plausible, their complaint must be dismissed."  Id.

11       Nevertheless, "[a] well-pleaded complaint may proceed even

12   if it strikes a savvy judge that actual proof of those facts is

13   improbable, and 'that a recovery is very remote and unlikely.'"

14   Id. at 556.

15       When a claim for fraud is raised, Federal Rule of Civil

16   Procedure 9(b) provides that "a party must state with

17   particularity the circumstances constituting fraud."  "A pleading

18   is sufficient under Rule 9(b) if it identifies the circumstances

19   constituting fraud so that the defendant can prepare an adequate

20   answer from the allegations."  Neubronner v. Milken, 6 F.3d 666,

21   671-672 (9th Cir. 1993) (internal quotations and citations

22   omitted).  "The complaint must specify such facts as the times,

23   dates, places, benefits received, and other details of the

24   alleged fraudulent activity."  Id. at 672.

25   ///

26   ///

27   ///

28   ///

1     A court granting a motion to dismiss a complaint must then

2 decide whether to grant leave to amend.  A court should "freely

3 give" leave to amend when there is no "undue delay, bad faith[,]

4 dilatory motive on the part of the movant,...undue prejudice to

5 the opposing party by virtue of...the amendment, [or] futility of

6 the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371

7 U.S. 178, 182 (1962).  Generally, leave to amend is denied only

8 when it is clear the deficiencies of the complaint cannot be

9 cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957

10 F.2d 655, 658 (9th Cir. 1992).

11

12    **B.   Motion to Strike**

13

14     The Court may strike "from any pleading any insufficient

15 defense or any redundant, immaterial, impertinent, or scandalous

16 matter."  Fed. R. Civ. P. 12(f).  "(T)he function of a 12(f)

17 motion to strike is to avoid the expenditure of time and money

18 that must arise from litigating spurious issues by dispensing

19 with those issues prior to trial...."  Sidney-Vinstein v. A.H.

20 Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Immaterial matter

21 is that which has no essential or important relationship to the

22 claim for relief or the defenses being pleaded.  Fantasy, Inc. v.

23 Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other

24 grounds Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023,

25 127 L. Ed. 2d 455 (1994)) (internal citations and quotations

26 omitted).  Impertinent matter consists of statements that do not

27 pertain, and are not necessary, to the issues in question.  Id.

28 ///

1

**ANALYSIS**

2

3      Plaintiff Lenear's complaint alleges fourteen different
4  violations of law.  However, the legal issue currently before the
5  Court is not the substance of these various claims, but rather
6  whether Plaintiff has plead enough facts, as a general matter,
7  for any of her claims to stand.  While a complaint attacked by a
8  Rule 12(b)(6) motion to dismiss does not need detailed factual
9  allegations, <u>Bell Atl. Corp. v. Twombly</u>,  127 S. Ct. 1955, 1964
10 (2007), it must still provide sufficient facts alleged under a
11 cognizable legal theory, <u>Balistieri v. Pacifica Police Dept</u>. 901
12 F. 2d 696, 699 (9th Cir. 1990).
13      Aside from accusations of "predatory" behavior and
14 admonishments of the mortgage lending industry as a whole,
15 Plaintiff alleges very few concrete facts connecting EMC and
16 Saxon to her complaint.  In fact, EMC is never independently
17 discussed outside of a general commentary on all defendants.
18 There is no evidence of any communication between Lenear and EMC.
19 Saxon is only independently mentioned in connection with the
20 foreclosure notices Saxon sent and when discussing failed
21 attempts at workout negotiations prior to foreclosure.  Plaintiff
22 accuses Defendants of predatory lending.  However, nothing in the
23 record indicates any contact between Lenear and EMC or Saxon at
24 the time she acquired the loan.
25 ///
26 ///
27 ///
28 ///

1   This is hardly enough to sustain a single, much less all, of
2   the causes of actions that the Plaintiff has submitted.  In the
3   absence of additional facts to tie EMC and Saxon to the unlawful
4   behavior that the Plaintiff alleges, the general pleading
5   requirement has not been met.

6   Therefore the only issue that remains is whether Plaintiff
7   should be afforded leave to amend.  The deficiencies in
8   Plaintiff's complaint appear to be more factual rather than
9   legal.  As such, the court cannot rule out the possibility that
10  such deficiencies of the complaint might be cured by amendment.
11  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th
12  Cir. 1992).  A more detailed explanation of the Defendants'
13  alleged wrongs could shed light on whether any of the Plaintiff's
14  claims have merit.  Because Plaintiff has not made any prior
15  amendments, a grant of leave to amend would be proper.

16

17                          **CONCLUSION**

18

19  Defendant EMC's Motion to Dismiss (Docket No. 8) and
20  Defendant Saxon's Motion to Dismiss (Docket No. 10) are hereby
21  GRANTED with leave to amend.  Plaintiff is directed to file an
22  amended complaint, should she choose to do so, not later than
23  twenty (20) days after the date this Memorandum and Order is
24  filed electronically.  If no amended complaint is filed within
25  said twenty (20)-day period, without further notice, Plaintiff's
26  claims will be dismissed without leave to amend.

27  Saxon's Motion to Strike is DENIED as moot.
28  ///

All requests for judicial notice are also DENIED.  None of
the documents are "generally known within the territorial
jurisdiction of the trial court" or clearly "capable of accurate
and ready determination by resort to sources whose accuracy
cannot reasonably be questioned."  Fed. R. Evid. 201(b).
Consequently, judicial notice would be improper at this time.

IT IS SO ORDERED.

Dated: November 5, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE